(Reap. Dec. 10587)

J. E. Bernard & Co., Inc. v. United States

Entry No. 13922.

(Decided September 12, 1963)

*Schwartz & Lidstrom* (*Earl R. Lidstrom* of counsel) for the plaintiff.
*John W. Douglas*, Assistant Attorney General (*Mollie Strum*, trial attorney), for the defendant.

Richardson, Judge: This reappraisement appeal has been submitted for decision upon a stipulation reading as follows:

Mr. Lidstrom: If it please the Court, we offer to stipulate and agree, subject to the approval of the Court, that the merchandise in question is described on the invoices as two flame spectro photometers with other words of description. Said merchandise does not appear in the Secretary's final list, T.D. 54521, and that the price at the time of exportation to the United States that such merchandise was freely sold in the principal markets of exportation, in the usual wholesale quantities, in the ordinary course of trade for exportation to the United States, was $2,465 each, less 15 per cent, plus cases and packing, as invoiced; said amounts including all costs, charges and expenses incident to making the merchandise in condition, packed, ready for shipment to the United States.

Miss Strum: May it please the Court, Examiner William L. Marchi of the Port of Chicago, who is familiar with the merchandise is in Court at the present time and advises me that the facts as stated by Mr. Lidstrom are correct; therefore, the Government so stipulates.

On the agreed facts, I find that export value, as that value is defined in 19 U.S.C.A., section 1401a(b) (section 402(b), Tariff Act of 1930, as amended by the Customs Simplification Act of 1956), is the proper basis for determination of the value of the involved spectro photometers and that such value is $2,465 each, less 15 per centum, plus cases and packing, as invoiced.

Judgment will be entered accordingly.